IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No. 15-cv-1697

ESTES PARK TAFFY COMPANY, LLC, a
Colorado limited liability company;
BENJAMIN HOLCOMB; BRET
HOLCOMB.

    Plaintiff(s), v.


THE ORIGINAL TAFFY SHOP, INC., a
Colorado corporation

    Defendant(s).

---

## NOTICE OF REMOVAL

---

Defendant, The Original Taffy Shop, Inc., hereby removes[1] the case styled *Estes Park Taffy Company, LLC; Benjamin Holcomb; and Bret Holcomb v. The Original Taffy Shop, Inc.,* Case No. 2015CV30554 in the 8th Judicial District (Larimer County) of the State of Colorado (the "State Court Action") to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 1441, 1446, and 15 U.S.C. §§ 1051 *et seq.* (the Lanham Act). As its grounds for removal, Defendant states as follows:

---

[1] Although this notice of removal is not a motion, and is probably not subject to D.C.Colo.LCivR 7.1, this is to certify that Defendant's counsel has conferred with Plaintiffs' counsel. Plaintiffs are opposed to removal of this matter.

NOTICE OF REMOVAL                                                                                                                PAGE **1** OF **11**

1. On June 30, 2015, Plaintiffs Estes Park Taffy Company, LLC, Benjamin Holcomb, and Bret Holcomb filed a Complaint in the State Court Action, a copy of which is attached as Exhibit A.

2. Defendant waived service of the Complaint on July 8, 2015. (Exhibit B).

3. The Complaint asserts three claims for relief, (a) declaratory judgment that Plaintiffs are not infringing upon Defendant's trade names and trademarks which are the subject of pending federal trademark applications with the United States Patent and Trademark Office; (b) a declaratory judgment that Plaintiffs are not infringing upon Defendant's trade dress; and (c) a declaratory judgment that Plaintiffs are not violating unfair competition laws. In essence, Plaintiffs' claims seek a declaratory judgment which involves substantial issues of federal law including the application of federal trademark and unfair competition law (15 U.S.C. §§ 1125(a) and (d)), in order to fully evaluate and adjudicate its claims. For example:

a. Plaintiffs' allege at paragraph 41 of their Complaint that Defendant, The Original Taffy Shop filed federal trademark applications for candy with the U.S. Patent and Trademark Office: Estes Park Saltwater Taffy, The Taffy Shop, The Taffy Shop—Estes Park Colorado, Mountain Scape Design composed of a drawing featuring mountains and evergreen trees, all of which were filed prior to the filing of Plaintiffs' Complaint.

b. Plaintiffs' allege at paragraph 45 of their Complaint that they received a demand letter from Cheryl Anderson, counsel for The Original Taffy Shop, alleging claims of trademark infringement, trade dress infringement, and unfair competition,

and incorporated that letter by reference as Exhibit 9 to their Complaint. (Exhibit A, at Exhibit 9 of the Complaint)  That letter states: (i) The Taffy Shop has been in business for *over 80 years* and owns the marks THE TAFFY SHOP, THE TAFFY SHOP ESTES PARK – COLORADO, ESTES PARK SALT WATER TAFFY, a Mountain Scape Design mark, and certain trade dress; (ii) The Taffy Shop also has long use of the tagline mark THE SWEETEST GIFT IN ESTES PARK, and the mark/nickname given to the business by the public, The Estes Park Taffy Shop, and (iii) The Original Taffy Shop, Inc. is the owner of The Taffy Shop business as successor in interest to and assignee of the original owner*.*

c.     Plaintiffs allege that the demand letter (Exhibit 9 to Exhibit A) created a reasonable apprehension in Plaintiffs that Defendant would sue them. The demand letter expressly states that Defendant was asserting rights and making demands under federal law. (At p. 3-4).

d.     Plaintiffs allege that the terms for which Defendant has sought federal trademark registration (Exhibit A at ¶ 41) are not protectable under trademark law because they are generic, highly descriptive, and not capable of acquiring secondary meaning. (*Compare* Exhibit A, at ¶¶ 56 to 62 and ¶41).

e.     Plaintiffs allege non-infringement of Defendant's federally protected trademark rights at paragraphs 43 to 72 of their Complaint

f.     Plaintiffs allege non-infringement of Defendant's federally protected trade dress rights at paragraphs 73 to 79 of their Complaint.

  g. Plaintiffs allege they have not violated Defendant's rights under unfair competition laws, including claims that arise under federal unfair competition law.

  h. Plaintiffs allege that Defendant demands that they cease use of, and turn over Internet domain names *estesparktaffyshop.com* and *estesparktaffy.com*. (Exhibit A, at ¶ 48; Exhibit 9 to Exhibit A).

  i. Plaintiffs allege that Defendant is unfairly utilizing trademark law, including Defendant's applications to register trademarks with the USPTO under federal law, to improperly thwart competition in taffy sales. (*See e.g.* Exhibit A, at ¶¶ 41 and 64).

  4. Plaintiffs seek relief that includes, *inter alia*, declaratory judgment that (A) Plaintiffs are not infringing on Defendant's business name, tagline, and mountain scape design; (B) Plaintiffs' exterior and interior trade dress and product packaging do not constitute trade dress infringement; and (C) that Plaintiffs are not engaging in unfair competition. (Exhibit A, at p. 11). In order to obtain such a declaration, the court must first determine whether the trademarks Defendant has applied to federally register are entitled to trademark protection, thereby stepping into the shoes of the Trademark Office, and only then, determine whether Plaintiffs are or are not infringing. *See e.g. Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research,* 527 F.3d 1045, 1050 (10th Cir. 2008); *USA Network v. Gannett Co.*, 584 F. Supp. 195, 198 (D. Colo. 1984) (*quoting Beer Nuts, Inc. v. Clover Club Foods Co.*, 711 F.2d 934, 940 (10th Cir. 1983)). Determining validity of the marks will require the court to apply federal examination procedure arising under the Lanham Act, including but not limited to analysis under 15

U.S.C. § 1052 (the statutory provision pertinent to "genericness", "descriptiveness", "geographic descriptiveness" and "acquired distinctiveness") and 15 U.S.C. § 1056 (the statutory provision dealing with "disclaimers" of descriptive terms), all of these issues having been raised in the allegations of Plaintiffs' Complaint.  (*See e.g.* Exhibit A, Complaint, at ¶ 41, ¶¶ 56-64).

5. Further, Plaintiffs attempt to hide within their claim for a declaration of trademark non-infringement a claim that Defendant's federal trademark applications are improper and should be denied.  *(Compare* Exhibit A at ¶ 41 and ¶¶ 56-62).  The court cannot substantively evaluate whether pending federal trademark applications are improper without applying the provisions of the Lanham Act.

6. The facts alleged and the relief requested on the face of Plaintiffs' Complaint demonstrate this court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331,1338, and 1367; and 15 U.S.C. § 1121.  This matter involves a civil action arising under the laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051 et seq., and specifically 15 U.S.C. §§ 1125(a)(1) and 1125(d), since the Plaintiffs seek declaratory judgment concerning Defendant's trademarks and trade dress, and seeks declaratory relief that Plaintiffs' own business activities do not  infringe on Defendant's trademarks, trade dress, or constitute unfair competition.  Here, the trademarks in question have been alleged to be the subject of pending trademark applications filed with the USPTO and Plaintiffs' claims depend on resolution of substantial questions of federal law under the Lanham Act.  *See e.g. Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09, 108 S. Ct. 2166, 2173-74, 100 L. Ed. 2d 811 (1988) (case arising under the Patent

Act). Moreover, under 28 U.S.C. § 1338(a), this court has original jurisdiction over "…any civil action arising under any Act of Congress relating to...trademarks."

7. Plaintiffs also allege that Defendant has demanded that Plaintiffs turn over certain Internet domain names. There are neither state law nor common law causes of action requiring such action based on a party's trademark or trade name rights. Rather, the basis for such a demand is found under the Lanham Act. 15 U.S.C. 1125(d).

8. Further, 28 U.S.C. 1338(b) provides "[t]he district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the … trademark laws." Plaintiffs claim that Defendant's use of federal law to register its trademarks is an act that in and of itself constitutes unfair competition. (*See e.g.* Exhibit A, at ¶¶ 41 and 63 to 64). To the extent Plaintiffs have asserted any state law claims, this court has jurisdiction to hear those claims under the supplemental jurisdiction granted by 28 U.S.C. § 1367.

9. Finally, 28 U.S.C. §2201 grants federal courts the ability to hear declaratory judgment actions in cases or controversies where federal jurisdiction exists. *McGrath v. Weinberger,* 541 F.2d 249, 252 n. 4 (10th Cir. 1976), *cert. denied,* 97 S. Ct. 1557, 430 US 933, 51 L. Ed.2d 778; *see also Trujillo v. Schweiker*, 558 F. Supp. 1058, 1061 (D. Colo. 1983). The 10th Circuit has also recognized that the Supreme Court expressly rejected the requirement of a reasonable apprehension of an imminent lawsuit as a prerequisite to a declaratory judgment action in *MedImmune, Inc. v. Genentech, Inc.,* 549 US 118 (2007), applied to declaratory judgment actions involving trademark law. *Surefoot LC, v. Sure Foot Corporation,* 531 F.3d 1236, 1244 (10th Cir. 2008). The "…question…is

whether the facts alleged, under all of the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment." *Id.* Moreover, the Lanham Act is applicable to *unregistered* trademarks and trade dress. *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 768, 112 S. Ct. 2753, 2757, 120 L. Ed. 2d 615 (1992) (applying the Lanham Act to the unregistered tradenames and trade dress of a restaurant). While Defendant disputes Plaintiffs' conclusions, Defendant respectfully submits that such a dispute exists and that nearly all of the legal issues in that dispute are ones directly involving *federal* trademark law.

10.   Defendant anticipates that Plaintiffs may object to removal based on the argument that it has not asserted federal claims, and is merely seeking a declaratory judgment that it is not infringing upon Defendant's common law trademark and trade dress rights or engaging in unfair competition in the use of its marks and trade dress.  As a preliminary matter, just as in the federal courts, a Colorado declaratory judgment action is not a substantive claim, and instead settles and affords certainty with respect to rights, status, and other legal relations which find their basis under other substantive law.  *See e.g.* C.R.S. §§ 13-51-102; *Bd. of County Comm'rs v. Park County Sportsmen's Ranch, LLP,* 45 P.3d 693, 698 (Colo.2002) ("Jurisdiction exists only if the case contains a currently justiciable issue or an existing legal controversy, rather than the mere possibility of a future claim."). Thus, any determination of whether federal question jurisdiction exists depends not on the assertion of a state claim for declaratory judgment, but instead on whether the "rights, status, and other legal relations" involve federal claims.

11. Federal question jurisdiction is triggered because the Plaintiffs' claims necessarily depend on resolution of substantial questions of federal law under the Lanham Act. *See e.g. Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09, 108 S. Ct. 2166, 2173-74, 100 L. Ed. 2d 811 (1988) (case arising under the Patent Act). As discussed above, Plaintiffs seek a declaration of the parties' rights that necessarily involves determining issues related to the propriety of Defendant's pending trademark applications and resolution of substantial questions arising under the Lanham Act. Similarly, Plaintiffs' allegation that Defendant's efforts to seek federal trademark registration for its trademarks itself is unfair competition (or would be if allowed by the USPTO) necessarily involves substantial questions under the Lanham Act. Likewise, Plaintiffs' Complaint alleges that Defendant demands that Plaintiffs turn over Internet domain names. That demand, as noted above, arises under 15 U.S.C. 1125(d). Nowhere in their Complaint do Plaintiffs' attempt to limit their declaratory judgment to only common law claims that might be asserted by Defendant.

12. Plaintiffs have stated to Defendant that they rely upon *LaChemise Lacoste v. Alligator Company, Inc.,* for the proposition that they, by filing a declaratory judgment action in state court, can force Defendant to litigate this matter in state court. What Plaintiffs overlook, however, is that in *Lacoste,* the Lacoste Company sought to enforce its own state law trademarks preemptively against a defendant who threated litigation. Here, the Plaintiff is not seeking to enforce its own common law trademark rights, but to seek declaratory judgment regarding Defendant's rights. Similarly, other cases relied upon by Plaintiff involved allegations by plaintiffs seeking to enforce their own common

law rights. *Emerson Power Transmission Corp. v. Roller Bearing Co. of Am,* 922 F. Supp. 1306 (N.D. Ind. 1996) (common law rights in, and unfair competition related to, product serial number nomenclature); *918 Riderz, Inc. v. Wells,* 2009 US Dist LEXIS 73241 (N.D. Okla. 2009, 09-CV-126-GKF-FHM) (action for tradename infringement). The Plaintiffs' goal here is very different.  Plaintiffs have asked the court to adjudicate *Defendant's rights*, most of which are founded in the Lanham Act, as discussed above.

13. Plaintiffs cannot avoid federal jurisdiction by cautiously avoiding any mention of the Lanham Act and mentioning Defendant's trademark applications for trademarks that have been used in commerce since Defendant's going concern business was founded in 1935 as little as humanly possible.  While Plaintiffs are never *required* to pursue federal claims, Plaintiffs "…may not defeat removal by omitting to plead necessary federal questions in a Complaint." *Envtl. Remediation Holding Corp. v. Talisman Capital Opportunity Fund, L.P.*, 106 F. Supp. 2d 1088, 1092-93 (D. Colo. 2000), *citing Franchise Tax Board of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983).

14. Procedural fencing is frowned upon for good reason. Plaintiffs' decision to file a declaratory judgment action in state court is a transparent effort to keep Defendant out of federal court, and to short circuit Defendant's federal trademark applications. Although not necessary to decide the question of removal—since the Plaintiffs' own Complaint raises federal questions as discussed above—the law in the 10th Circuit should look beyond the face of a declaratory judgment action at the underlying claims asserted by a defendant which give rise to Plaintiffs' claims.  For that reason, the court should

consider—as an exception to the general rule—the counterclaims asserted by the Defendant, which will be filed together with Defendant's answer shortly after this Notice of Removal is filed.

15. Pursuant to 28 USC § 1446(a) and D.C.COLO.LCivR 81.1(a), a true and correct copy of all of the process, pleadings, orders, and documents from the State Court Action which have been served upon Defendant or which are on the current docket sheet are being filed with this Notice of Removal. (Exhibits A-G). Defendant also file a current docket sheet (register of actions) herewith (Exhibit H) pursuant to D.C.Colo.LCivR 81.1(b), and will separately file each pending motion, petition, and related response, reply, and brief pursuant to D.C.COLO.LCivR 81.1(b)   There are no pending motions in the State Court Action.  No hearings are currently set in the State Court Action.

16. This Notice of Removal has been filed within 30 days of the date that Defendant waived service of the Complaint in this matter.  Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).  *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999).

17. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the District of Colorado is the federal judicial district embracing the 8th Judicial District of the State of Colorado, where the State Court Action was originally filed.

18. By this Notice of Removal, Defendant does not waive any objections it may have as to jurisdiction, venue, or other defenses or objections it may have to this action.

Defendant intends no admission of fact, law, liability, or legal status by this Notice and expressly reserves all defenses, motions, and/or claims.

DATED:  August 7, 2015    By:  s/John D. Root

John D. Root
Lind Ottenhoff & Root, LLP
355 Eastman Park Drive, Suite 200
Windsor, CO  80550
Telephone:  (970) 674-9888
Fax:  (970) 674-9535
John@lorlegal.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on August 7, 2015 I served a copy of the foregoing document on Plaintiffs' counsel by email to:

Kay L. Collins (k.collins@cp2law.com)
Walter A. Winslow (wwinslow@cp2law.com)
COAN, PAYTON & PAYNE, LLC
103 W. Mountain Avenue, Suite 200
Fort Collins, CO  80524

___s/John D. Root_____