**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-1697-MSK-CBS

ESTES PARK TAFFY COMPANY, LLC, a Colorado limited liability company;
BENJAMIN HOLCOMB; and
BRET HOLCOMB.

     Plaintiffs,
v.

THE ORIGINAL TAFFY SHOP, INC., a Colorado corporation

     Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Discovery in this case will involve the production of information that the producing parties or persons claim to be confidential, proprietary, commercially sensitive, and/or a trade secret.  Under Rule 26(c) of the Federal Rules of Civil Procedure, the parties stipulate to this protective order for the purposes of governing the handling of such information in this case, to expedite discovery and disclosure of such information without frequently resorting to determinations of discoverability by the court and to protect that information from improper or premature disclosure:

**1.0      DEFINITIONS.**  As used in this Stipulated Protective Order, the following terms shall have the following meanings:

1.1. *"Confidential"*: A party may designate as "Confidential" those materials which that party in good faith believes constitutes or contains confidential, proprietary, commercially sensitive and/or trade secret information, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

1.2. *"Highly Confidential –Counsel Eyes Only"*: A party may designate as "Highly Confidential –Counsel Eyes Only" any confidential, proprietary, commercially sensitive and/or trade secret information which that party in good faith believes is so highly sensitive that the protections afforded to Confidential information are not sufficient. This designation shall be reserved for information that constitutes, reflects, or concerns particularly sensitive proprietary, technical, financial, marketing, or other business information, trade secrets or know-how.

1.3. *"Counsel"*: "Counsel" means the following named counsel, the lawyers of Coan, Payton & Payne, LLC, counsel for Plaintiffs and Lind Ottenhoff & Root, LLP and C.R. Miles, PC, counsel for Defendant. The term "Counsel" shall include other attorneys in their respective firms, secretaries, legal assistants, clerks, and employees of Counsel. **"*Plaintiff*"** or **"*Plaintiffs*"** means Estes Park Taffy Company, LLC, a Colorado limited liability company, Benjamin Holcomb, and Bret Holcomb, and each of their current

and former shareholders, employees, contractors, officers, directors, or agents.

**1.4.** "***Defendant***" means The Original Taffy Shop, Inc., a Colorado corporation, and its current and former shareholders, employees, contractors, officers, directors, or agents.

**1.5.** "***Parties***" For the purpose of this Protective Order, the term "Parties" means Plaintiffs and Defendant, and "Party" means Plaintiffs (and each Plaintiff) or Defendant as the case may be.

**1.6.** "***Person***" The term "Person" includes natural persons, as well as partnerships, limited partnerships, limited liability partnerships, companies, limited liability companies, associations, league, corporations, governments (including all instrumentalities, offices, agents, subdivisions, thereof), trusts funds, and all other business legal or artificial entities and business associations, and their current or former shareholders, members, partners, executives, employees, and agents.

**2.0. DESIGNATION OF PROTECTED MATERIAL**

**2.1. Designation of Confidential Information.** Each page of any document or transcript of oral testimony produced or given in this action that is asserted by the producing party or stipulating third party to contain or constitute Confidential information shall be so designated in writing by such producing party or stipulating third party. Each such document or transcript of testimony shall be clearly and prominently marked on its face with the

legend "CONFIDENTIAL". If necessary to avoid confusion, a letter or letters identifying the producing party or stipulating third party or other comparable notice shall be included on the document or transcript of testimony. If the receiving party wishes to show non-confidential portions of a document or transcript containing Confidential information to a person or party not described below in paragraph 4.2, it shall first redact all pages (or portions of pages) marked as containing Confidential information.

**2.2. Designation of Highly Confidential –Counsel Eyes Only Information.** Each page of any document or transcript of oral testimony produced or given in this action that is asserted by the producing party or stipulating third party to contain or constitute Highly Confidential –Counsel Eyes Only information shall be so designated by such producing party or stipulating third party. Each such document or transcript of testimony shall be clearly and prominently marked on its face with the legend "HIGHLY CONFIDENTIAL –COUNSEL EYES ONLY" preceded by a letter or letters identifying the producing party or stipulating third party or other comparable notice. If the receiving party wishes to show non-highly confidential portions of a document or transcript containing Highly Confidential –Counsel Eyes Only information to a person or party not described below in paragraph 4.3, it shall first redact all pages (or portions of pages) marked as containing Highly Confidential–Counsel Eyes Only information.

**3.0. ACCESS TO PROTECTED MATERIAL.**

**3.1.**   **General**.  A record shall be made of the names of the persons to whom disclosure of protected material is made.  The foregoing shall exclude Counsel and outside contractors hired by Counsel to copy, index, sort, or otherwise manage the storage and retrieval of discovery; the parties and their principal constituent members; the court, court personnel, and jury members who properly have access to protected material during the course of this litigation.

**3.2.**   **Access to Confidential Information**.  In the absence of written permission from the producing party or stipulating third party or an order of the Court, a receiving party shall use any Confidential information designated in accordance with the provisions of paragraph 3.1 solely for purposes of this action, including appeals between the Parties, and shall not disclose such information to or discuss such information with any person other than: (a) Counsel as defined in paragraph 2.3; (b) any employee or representative of a party who has executed the Acknowledgement and Confidentiality Agreement attached as Appendix A; (c) court reporters or videographers; (d) any person who can be shown from the face of the document to have authored or received it or who is accused by the producing party of having accessed, transferred, or misappropriated it; (e) experts and consultants, including their employees and agents deemed necessary to assist such expert or consultant, employed by any party or counsel to assist in this action, including for the preparation for trial who have executed the

Acknowledgment and Confidentiality Agreement attached as Appendix A; (f) the Court and its support personnel; (g) any mediator retained by the parties to mediate this case; (h) members of the jury; (i) other persons agreed to in writing between Counsel for the Parties, provided such other persons have executed the Acknowledgment and Confidentiality Agreement attached as Appendix A; or (j) as may be determined by the Court on the motion of any party upon a showing of good cause. Acknowledgments and Confidentiality Agreements shall be provided to all Counsel prior to any expert or other persons receiving protected material under this Protective Order. Under no circumstances shall Confidential information be made available to the receiving party or any other director, officer, manager, employee, agent, or representative of the receiving party except as stated in this paragraph. Nothing contained in this Protective Order shall affect the right of the producing party or stipulating third party to disclose to anyone Confidential information that it has designated.

3.3. **Access to Highly Confidential –Counsel Eyes Only Information.** In the absence of written permission from the producing party or stipulating third party or an order of the Court, a receiving party shall use any Highly Confidential –Counsel Eyes Only information designated in accordance with the provisions of paragraph 2.2 solely for purposes of this action, including appeals between the Parties, and shall not disclose such information to or discuss such information with any person other than: (a)

Counsel as defined in paragraph 2.3 ; (b) court reporters or videographers; (c) any person who can be shown from the face of the document to have authored or received it or who is accused by the producing party of having accessed, transferred, or misappropriated it; (d) experts (including their staff) who have executed the Acknowledgment and Confidentiality Agreement attached as Appendix A; (e) the Court and its support personnel; (f) any mediator retained by the parties to mediate this case; (g) members of the jury; and (h) any other persons agreed to in writing between Counsel for the Parties or as determined by the Court, providing such other persons have executed the Acknowledgment and Confidentiality Agreement attached as Appendix A.  Without limiting the generality of the foregoing receiving Counsel may show "Highly Confidential-Counsel Eyes Only" documents to their clients or a designated client representative on the conditions that the receiving party **may not** (1) keep a copy of the "Highly Confidential" materials; (2) view the "Highly Confidential" materials outside the direct supervision of Counsel; (3) take notes concerning the content of the "Highly Confidential" materials; (4) discuss or disclose the contents of the "Highly Confidential" materials with or to other employees (excluding client designated representative) or third parties unless these third parties are experts or technical advisors; and/or (5) use the "Highly Confidential" materials for any purpose other than in connection with the prosecution or defense of the lawsuit. Acknowledgment and Confidentiality Agreements

shall be provided to all Counsel prior to any expert or other persons receiving Protected Material under this Protective Order. Under no circumstances shall Highly Confidential –Counsel Eyes Only information be made available to the receiving party or any other director, officer, manager, employee, agent, or representative of the receiving party except as stated in this paragraph. Nothing contained in this Protective Order shall affect the right of the producing party or stipulating third party to disclose to anyone Highly Confidential –Counsel Eyes Only information that it has designated.

**4.0. HANDLING OF PROTECTED MATERIAL**. All material designated as Confidential or Highly Confidential –Counsel Eyes Only shall be handled by the receiving party in the same manner as it would handle its own information which is confidential and proprietary. Notwithstanding the foregoing, materials Confidential or Highly Confidential –Counsel Eyes Only shall be handled in at least a reasonable and prudent manner for the protection of similar confidential or proprietary information.

    **4.1. Designation of Transcript.** Transcripts shall be treated by the Parties as Confidential until 30 days after the producing party's or stipulating third party's receipt of the transcript from the court reporter. During the 30 day period, the producing party or stipulating third party may give written notice to the receiving party that the transcript, or portions thereof, contains protected material and is designated under paragraph(s) 3.1 and/or 3.2. Absent such designation, the transcript shall not be subject to this Protective Order after expiration of the 30 day period.

**4.2. Use in Proceedings.** In the event Confidential Information, including any portion of a deposition transcript designated as Confidential Information, is included in any papers to be filed in Court, such papers shall be submitted only after moving to restrict access to them to level 1 or level 2 restriction as may be appropriate under D.C.COLO.LCivR 7.2. For use of material at trial, Section 6.0 below shall apply. Nothing in this Protective Order shall be determinative of the admissibility or inadmissibility of Protected Information into evidence.

**4.3. Request for Production in Unrelated Legal Proceedings, Administrative Tribunals, or Investigations.** In the event any receiving party having possession, custody or control of any protected material receives from or on behalf of a non-party a subpoena or other process or order to produce such information in another unrelated legal proceeding, tribunal, or investigation, such receiving party shall: (a) notify Counsel for the producing party or the stipulating third party; (b) furnish Counsel or the stipulating third party with a copy of said subpoena or other process or order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the producing party or stipulating third party whose interests may be affected. The producing party or stipulating third party asserting the Confidential designation shall have the burden of defending against such subpoena, process, or order. The receiving party receiving the subpoena or other process or order shall be entitled to comply with it except

to the extent the producing party or stipulating third party asserting the Confidential treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

**5.0.    DESIGNATION NOT DETERMINATIVE OF STATUS.**  A party may object to the designation of particular Confidential or Highly Confidential –Counsel Eyes Only information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential or Highly Confidential –Counsel Eyes Only to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, which shall be an additional ten (10) days, i.e.  twenty (20) days following the date the notice is sent, the disputed information shall be treated as Confidential or Highly Confidential –Counsel Eyes Only under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential or Highly Confidential –Counsel Eyes Only and shall not thereafter be treated as Confidential or Highly Confidential –Counsel Eyes Only in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential or Highly Confidential – Counsel Eyes Only shall bear the burden of establishing that good cause exists for the

disputed information to be treated as Confidential or Highly Confidential –Counsel Eyes Only.

    **5.1.** The obligation of a party with respect to any particular portion of Confidential Information shall terminate (or shall not attach) when any of the following occurs:

        **5.1.1.** It was in the public domain at the time of a party's communication to the other party;

        **5.1.2.** It was entered into the public domain through no fault of the party's subsequent to the time of the other party's communication to the first party;

        **5.1.3.** It was in one party's possession free of any obligation of confidence at the time of the designating party's disclosure to the other party; or

        **5.1.4.** It was independently developed by the receiving party.

**6.0.   PRESENTATION AT TRIAL.**  At or before the final pre-trial conference in this matter, the parties shall stipulate and agree to appropriate amendments to this protective order in order to protect the confidentiality of material that is to be produced to the court or jury in trial proceedings.  If the parties are unable to so stipulate, the parties shall provide notice to the court and request the court enter appropriate orders to protect the confidentiality of the information in question at trial.

**7.0.   FINAL DISPOSITION.**  Within two months after final termination of this action, or within one month after the time for appeal has expired, each Party shall assemble all protected material furnished and designated by any other Party or stipulating third party

including protected material provided to experts, and shall either (i) return such protected material to the producing party or stipulating third party; or (ii) destroy the Protected Material and provide a certificate of destruction to the producing Party or Stipulating Third Party. Counsel for each party shall be entitled to retain one set of pleadings, motion papers, legal memoranda, correspondence and work product.  Notwithstanding the foregoing, after final disposition Counsel may retain and protect a single, archival copy of any materials designated as "Confidential" or "Confidential Attorney's Eyes Only in paper format or on electronic media that is not accessible on or to any networked electronic device (e.g. a disconnected external hard drive, CD-Rom, or other similar electronic media that is not accessible via a computer network) for a period of time not to exceed the Counsel's standard document retention period.  Counsel shall store such archival copy securely and shall not disclose such information to or discuss such information with any person, including the client, except as authorized in writing by Counsel for the producing party or by another authorized representative of the producing party or as may be ordered by a court with jurisdiction over the archival copy after notice to the producing party and an opportunity to be heard.  Under no circumstances shall any archival copy be made available to the Receiving Party or any other director, officer, manager, employee, agent, or representative of the receiving party except as stated in this paragraph.

**8.0.    TERMINATION AND SURVIVAL OF OBLIGATIONS.** No restriction imposed by this Protective Order may be terminated, except by order of this Court for good cause shown. The termination of this action shall not automatically terminate the obligations specified in this Protective Order.  Any party may at any time and for any reason seek

modification of this Protective Order.  This Protective Order can be modified only by written agreement of the parties or by order of this Court.    Each party reserves the right to object to any party's motion or request to modify this Protective Order.

Dated this 8th day of February, 2016.

_____
Craig B. Shaffer
United States Magistrate Judge

Approved as to form:

*Attorneys for Plaintiffs*  *Attorneys for Defendant*

*/s/ Kay L. Collins*  */s/John D. Root*
Kay L. Collins #9669  John D. Root #34709

*/s/ Walter A. Winslow*
Walter A. Winslow #34783

COAN, PAYTON & PAYNE, LLC  Lind Ottenhoff & Root, LLP
103 W. Mountain Avenue, Suite 200  355 Eastman Park Drive, Suite 200
Fort Collins, Colorado 80524  Windsor, CO 80550
Telephone: 970-225-6700  Telephone: (970) 674-9888
Facsimile: 970-232-9927  Fax: (970) 674-9535
Email: kcollins@cp2law.com  John@lorlegal.com
Email: wwinslow@cp2law.com

# APPENDIX A
# ACKNOWLEDGEMENT AND CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that:

     1.    I have read the Protective Order entered in the action presently pending in the U.S. District Court for the District of Colorado captioned  Estes Park Taffy Company, LLC, et al v. The Original Taffy Shop, Inc., Case No. 1:15-cv-1697-MSK-CBS.

     2.    I understand the terms of the Protective Order;

     3.    I agree, upon threat of penalty of contempt and other civil remedies, to be bound by the Protective Order's terms; and

     4.    I irrevocably submit my person to the jurisdiction of the U.S. District Court for the District of Colorado for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED:_____

_____
Signature

_____
Name

_____
Present Employer

_____
Title/Occupation

_____
Address

_____
City State ZIP

_____
Telephone Number